IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROBERT REDDIN                                                                   PETITIONER

v.                                    Case No. 4:11-cv-4021

RAY HOBBS, Director,                                                            RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, ROBERT REDDIN, an inmate confined in the Arkansas Department of Corrections, Wrightsville Unit, filed this Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1 and 4.  The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.   Procedural Background[1]:**

On September 17, 2007, in the Circuit Court of Union County, Arkansas, Petitioner was convicted by a jury of possession of methamphetamine and possession of drug paraphernalia. Petitioner was sentenced to consecutive fifteen (15) year sentences of imprisonment.  His conviction was affirmed by the Arkansas Court of Appeals on November 5, 2008.  *See Reddin v. State*, CACR 08-596, 2008 WL4821005, at *1 (Ark. App. 2008).  Petitioner did not seek review by the Arkansas Supreme Court.  ECF No. 4, p. 2.

On December 8, 2008, he filed a petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 in the Circuit Court of Union County, Arkansas.  This Rule 37.1 petition alleged the following: (1) ineffective assistance of counsel in failing to introduce the testimony of two witnesses

---

[1]The procedural background is taken from the Petition, Supplemental Petition, Response to Petition, and this Court's Docket.

who could have testified the drugs in question were not Petitinoer's; (2) illegal sentence; and (3) Petitioner's mental incompetence to stand trial.  ECF No. 4 p. 3.  The post-conviction petition was denied by the trial court without a hearing.  ECF No. 4, p. 3.  Petitioner timely appealed the denial of his post-conviction petition to the Arkansas Supreme Court.  On March 18, 2009, the Arkansas Supreme Court returned Petitioner's brief for corrections and directed him to re-file the brief on or before May 6, 2009.  ECF No. 9-7.  Petitioner was reminded of his obligation to file a corrected brief by letter from the Arkansas Supreme Court on April 23, 2009.  ECF No. 9-7.  Petitioner failed to file the corrected brief, and the State moved to dismiss the appeal.  On January 14, 2010, the appeal was dismissed for failure to file a brief.  ECF No. 9-7.

**B.  Current Petition**:

On January 7, 2011[2], Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  He raises three claims for relief:

> (1) Ineffective assistance of counsel for failing to introduce the testimony of a witness, Lonnie Miller, who would have claimed ownership of the methamphetamine and drug paraphernalia (ECF No. 4 p. 3);
>
> (2) denial of the right to call and confront Lonnie Miller as a witness, because law enforcement threatened one of Petitioner's trial witnesses with arrest if he did not leave the courthouse during the Petitioner's trial (ECF No. 4 p. 4); and
>
> (3) improper instruction to the jury regarding the sentence range available (ECF No. 4 p. 6).

---

[2]The Petition was filed with the Court on February 16, 2011. However, a review of the envelope containing the original § 2254 Petitions reveals it was post marked on January 7, 2011. Accordingly, the Court finds the Petition was "filed" on January 7, 2011. *See Sulik v. Taney County, Mo.*, 316 F.3d 813, (8th Cir. 2003)("As written, the [Mailbox] Rule applies only to notices of appeal. Nevertheless, we have extended the benefits of the prison mailbox rule to *pro se* state prisoners who file 28 U.S.C. § 2254 *habeas* petitions and to *pro se* federal prisoners who seek similar relief under § 2255. In doing so, we concluded the Supreme Court's reasoning in *Houston* applies with 'virtually equal force' in the *habeas* context.")

The Respondent asserts that the claims in the Petition are time barred by 28 U.S.C. §2244(d)(1)(A), procedurally defaulted, and without factual merit.  ECF No. 9 p. 3.

**C. Discussion**:

    **1.  One-year Statute of Limitations**:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed.  Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

    Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the *habeas* petitioner to file a timely federal petition."

*Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The United States Supreme Court has recently addressed this provision as it relates to the finality of a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. <u>For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.</u> We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S. ____, 132 S.Ct. 641, 653-54 (2012)(emphasis added).  In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court, his conviction becomes final when the time for pursuing his state court direct appeal expires.

In the instant case, Petitioner was convicted on September 17, 2007.  His conviction was affirmed on direct appeal on November 5, 2008 by the Arkansas Court of Appeals.  Under Arkansas law, Petitioner then had eighteen (18) calendar days to seek review by the Arkansas Supreme Court. *See* ARK.SUP.CT. R. 2-4(a).  He did not seek such review. and his conviction became final when the time for review expired on November 24, 2008.  He had one-year from that date, or until November 23, 2009, in which to file his Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  The instant Petition was filed on January 7, 2011, and was thus untimely unless the one-year period was tolled.

Section 2244(d)(2) provides that the time during which a "properly filed application" for

State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

Petitioner filed his state petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1 on December 8, 2008. Accordingly, fourteen (14) days elapsed between his conviction becoming final and the filing of this state court post-conviction petition. This petition was dismissed by the trial court, and Petitioner timely appealed to the Arkansas Supreme Court. The Arkansas Supreme Court dismissed Petitioner's state court action on January 14, 2010, for failure to file a brief as directed by that court. ECF No. 9-7. Thus, the one-year statute of limitations was tolled until January 14, 2010, but on that date, the one-year period for filing the instant Petition began to run again. He filed the instant Petition on January 7, 2011, some 358 days later. When the Court considers the fourteen (14) days that elapsed between the time his conviction became final and the filing of the state court post-conviction petition, a total of 372 days elapsed between the date his conviction became final and the filing of the instant petition. The instant Petition is therefore untimely, unless some other tolling provision applies.

While Petitioner has not raised the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. The United States Supreme court has held that the one-year statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.

*See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F. 3d 850, 857 (8th Cir. 2008)(citations omitted), abrogated in part by *Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012).

Here, Petitioner raises no "extraordinary" circumstances. In fact, the record shows that at all times relevant to his state post-conviction proceeding, Petitioner was in control of the circumstances. He was aware of the rulings of the state courts and responded to those rulings. He does not assert that some circumstance beyond his control made it impossible to file the instant Petition before the expiration of the one-year limitation period. Further, Petitioner makes no assertion the Respondent took some action preventing him from timely pursuit of his claims in this Court. Accordingly, equitable tolling is inapplicable in this case, and the instant Petition should be dismissed as not timely filed.

**2. Exhaustion of State Remedies**: The Respondent in this case also asserts the Petitioner failed to exhaust his claims related to witness Lonnie Miller and is thus barred from proceeding here. A federal court is precluded from considering a *habeas corpus* claim unless the petitioner has exhausted his available state court remedies prior to seeking federal court relief. Section 2254

provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted unless it appears that--*
>
> *(A) the applicant has exhausted the remedies available in the courts of the State*; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*

"Exhaustion requires fair presentment of a claim to the state courts for initial adjudication. . . " *Clemons v. Luebbers,* 381 F.3d 744, 751 (8th Cir. 2004).

In the direct appeal of his criminal conviction, Petitioner did not allege any constitutional violation regarding either the testimony of Lonnie Miller or the illegality of his sentence. His state post-conviction petition did allege that trial counsel was ineffective for failing to call Lonnie Miller as a witness he did not allege any Due Process or Confrontation Clause violation as he does here. Further, his appeal of the trial court's denial of that state petition was utlimately dismissed when Petitioner failed to comply with the Rules of the Arkansas Supreme Court by failing to file a brief as directed. As a result, he failed to "fairly present" these claims to the state courts. Petitioner failed to exhaust his available state court remedies regarding his claims related to witness Lonnie Miller, and the instant Petition should be dismissed on this ground.

**3. Procedural Default**: A petitioner is also procedurally barred from proceeding in federal court when he violates a state procedural rule that independently and adequately bars direct review of the claim. If a state prisoner can show "cause for the default and actual prejudice as a result of

the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice[3]," then he overcomes the procedural bar and may proceed in a federal *habeas corpus* action.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal *habeas corpus* petition, unless he can meet strict cause and prejudice or actual innocence standards."  *Clemons*, 381 F.3d at 750.

In this case, Petitioner is now barred from filing a second state post-conviction petition rasing the issues raised in the instant Petition.  See ARK. R. CRIM. P. 37.2(b).  Further, the claims raised here are not cognizable in a state *habeas corpus* proceeding pursuant to ARK. CODE ANN. § 16-113-103 (Repl. 2006).  *See Noble v. Norris*, 243 S.W.3d 260, 262 (Ark. 2006) ("Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. . .Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his or her case and it is not a substitute for direct appeal or postconviction relief.").  Petitioner alleges no cause for his failure to present these claims to the state courts.  He is therefore procedurally barred from presenting them in this Court, unless he can show a fundamental miscarriage of justice or demonstrate "actual innocence."

A federal *habeas* petitioner who has procedurally default or otherwise barred may be able to proceed with a federal *habeas* petition if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th

---

[3] To demonstrate a fundamental miscarriage of justice, a petitioner must show his actual innocence of the charges.  *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).

Cir. 1997).  This exception should only be applied in an "extraordinary case." *Id*.

Here, Petitioner alleges no new evidence regarding his actual innocence.  In fact, by his own submissions he shows the evidence he now wishes to present was available and known to him at the time of his trial.  According to the materials submitted by Petitioner, Lonnie Miller was available and willing to testify at the trial in the underlying case.  Petitioner in his state post-conviction proceeding alleged he say Mr. Miller and a second witness leave the courtroom during the trial.  ECF No. 9-3.  Clearly, Petitioner knew of the evidence and testimony to be offered by Mr. Miller at the time of his trial.  Further, Petitioner in his state post-conviction pleadings, alleged his counsel was ineffective for failing to keep Mr. Miller in the courthouse after he was released from a state trial subpoena.  Petitioner has wholly failed to allege any newly-discovered evidence which would allow this Court to now consider his claims in this regard.  Petitioner has procedurally defaulted and his Petition should be dismissed.

**4. Habitual Offender Sentence**: While the Petition in this matter should be dismissed as untimely, the Court will also address the third claim on its merits.  Petitioner claims he was improperly sentenced under the Arkansas habitual offenders statute. Specifically, he claims the trial court "failed to explain [to the jury] the fact that the extra time [increased possible maximum sentence] was due to the habitual offender statute applied to this case." ECF No. 4, p.6.

Petitioner was charged as a habitual criminal pursuant to ARK. CODE ANN. § 5-4-501.  ECF No. 9-1, p. 3.  Evidence of his prior convictions were introduced during the sentencing phase of the trial. ECF No. 9-2, p. 62-64.  The Court gave the jury an instruction regarding enhanced sentencing under the habitual criminal statute. ECF No. 9-2 p. 64-65.   The enhanced penalty range in

Petitioner's case was from three (3) to twenty (20) years imprisonment. *See* ARK. CODE ANN. § 5-4-601(a)(2)(D). Petitioner was sentenced to fifteen (15) years, well within the authorized sentence range.

While Petitioner was charged as a habitual criminal, the trial court instructed the jury regarding the correct habitual criminal punishment, and the jury sentenced him as a habitual criminal, the judgment and commitment order in his state case fails to reflect Petitioner was actually sentenced as a habitual offender. ECF No. 9-1, p. 26-28. The Respondent concedes this failure may raise a cognizable claim for a state court *habeas* proceeding. *See* Response, ECF No. 9, fn 2. However, in order to raise a cognizable constitutional claim in a federal habeas proceeding, a sentence must be "outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Here, Petitioner's sentences were within the bounds of Arkansas State Law, and a clerical error on the judgment and commitment order does not raise a federal constitutional question.

D. **Conclusion**:

Petitioner's conviction, as discussed above, was not timely filed and should be dismissed. Further, two of the three claims made in the instant petition are procedurally defaulted. Finally, the third claim fails to state a constitutional deprivation.

E. **Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[4]

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **5th of March, 2012.**

                                                  /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE

---

relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*